**Fred Lee HOLTZCLAW, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42538.

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

Rehearing Denied April 8, 1970.

---

1. If the statement of Green can be construed as being exculpatory there was no request for such an instruction.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Don Keith, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Tried before a jury on a plea of not guilty, appellant was found guilty of robbery by assault of Minnie Black. Appellant having elected to have the judge assess the punishment, and a prior conviction for felony theft having been alleged for enhancement of punishment under Art. 62, Vernon's Ann.P.C., and proved by plea, stipulation and evidence, the punishment was fixed at life.

Notice of appeal was given on April 28, 1967, but the record on appeal did not reach this court until September 16, 1969. (Orders extending the time for filing the statement of facts and briefs appear in the record which state that the extensions were for good cause shown.)

The sufficiency of the evidence to sustain the conviction is not challenged. Minnie Black, Courtesy Booth operator for a supermarket in Houston, positively identified appellant as the man who on January 18, 1966, (the date alleged in the indictment) approached her booth about 2:30 P.M. and asked for change for a quarter. As he received it he laid a hand printed note on the counter which read:

"Don_t panic    You want get hurt

I have a gun in my coat—my partner has a gun on a checker from outside.

We want ALL MONEY & STAMPS

Lay all banded money in front of me except 1's

Hand note back

I will shoot"

Mrs. Black said she did not have anything to put the money in. Appellant pulled his coat back and showed her a gun and said: "Well, get something." Being in fear of life she got a large yellow envelope from under the shelf, opened the cash drawer, took the bills out and put them in the envelope. She asked him if he wanted the change also and he said "Yes." Appellant then ran out the front door of the store. A check revealed that $1,248.75 was missing from the cash register.

Betty McDade, a grocery checker in the store, was sitting in her car parked about 50 feet from the front door, eating her lunch, when she saw an Oldsmobile with two male occupants, one of whom got out and went into the store. The driver stayed in the car and kept the motor running and he "eased toward the front of the store," and was waiting there when his companion came running out of the store and jumped in and the car sped away.

Betty McDade could not identify appellant but testified that she noticed nothing about him that was different from the man she saw go into the store.

Appellant did not testify, but offered testimony which raised the issue of alibi. Such issue was submitted to the jury and resolved against appellant.

Four grounds of error are set out in appellant's brief.

■ The first complains that the court erred in permitting the state, in cross-examination of appellant's alibi witnesses, to ask each witness why he or she did not inform either the Houston Police Department or the Harris County Grand Jury, or the Harris County District Attorney, that appellant was in Ft. Worth at the time of the robbery.

The robbery was committed on January 18, 1966, in Houston. The alibi witnesses were testifying more than a year later that appellant was in Ft. Worth on January 18, 1966.

The same or similar questions had been propounded to and answered by alibi wit-

nesses without objection, hence appellant is in no position to complain. Yarbrough v. State, Tex.Cr.App., 384 S.W.2d 705; Piraino v. State, Tex.Cr.App., 415 S.W.2d 416.

We observe, however, that great latitude is allowed on cross-examination of a witness and the cross-examination complained of was not such as to warrant reversal.

■ The next ground of error complains of the introduction of a letter written by appellant to an alibi witness.

The letter was offered by the defense for the date as shown by the post mark and in the letter. The state offered the balance of the letter and it was admitted over objection that it had no bearing.

The admission in evidence of the balance of the letter dated the day after the robbery, which revealed that the witness had been intimate with appellant and was pregnant, and in which appellant said "I like to have bought you a new T V tonight," over general objection that the letter had no bearing, is not error warranting reversal.

Ground of error No. 3 complains that testimony of a fingerprint expert had the effect of bolstering the complainant's identification of appellant as the robber. This objection is not shown to have been made.

■ It is further contended that the complainant's testimony was not an expert opinion but merely a conclusion.

This ground of error relates to the printed note handed by the robber to the victim at the time of the robbery. The defense elicited testimony to the effect that there had been no effort to determine whether there were fingerprints on the note. In rebuttal, the fingerprint expert testified regarding the problem of lifting fingerprints from a paper that had been handled by more than one person.

We find no merit in this ground of error.

The remaining ground of error relates to the sufficiency of the evidence to establish the prior conviction alleged for enhancement.

When the portion of the indictment which alleged a prior conviction in Cause No. 102240 in Criminal District Court No. 3 of Harris County on December 6, 1962, for the offense of felony theft, was read at the hearing on punishment, appellant pleaded guilty thereto. Being admonished by the trial judge and advised that by pleading guilty he was subjecting himself to the punishment provided by law which is a mandatory life sentence, the plea was received by the court.

Also the certified copies of the records of the Texas Department of Corrections which include the judgment and sentence and photograph and fingerprints of the defendant in the prior conviction were marked for identification as State's Exhibit 1 and stipulation was entered into by appellant and his counsel and counsel for the state that appellant was duly and legally convicted in the cause alleged for enhancement and that Don Chatham, a fingerprint expert, would testify that he fingerprinted appellant and examined the fingerprints attached to State's Exhibit 1 and both were the fingerprints of appellant.

■ Art. 1.15 Vernon's Ann.C.C.P. has no application in jury cases whether the punishment is assessed by the court or by the jury. The majority opinion in Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376, construing said Art. 1.15 V.A.C.C.P., is not therefore applicable.

The ground of error is overruled.

The judgment is affirmed.