Steven Benjamin HUBERT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–82–0641–CR, 01–82–0642–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 19, 1983.

Kenneth J. McLean, Houston, for appellant.

Karen Sellars, Houston, for appellee.

Before WARREN, BASS and BULLOCK, JJ.

WARREN, Justice.

Our opinion of April 14, 1983 is withdrawn and the following opinion is issued in its stead.

This is an appeal from two jury convictions, one for robbery, the other for attempted robbery. The jury assessed punishment on each case at 12 years confinement. We affirm.

In cause number 336,203, appellant was indicted for aggravated robbery.

In cause number 343,110, appellant was indicted for aggravated robbery; he was thereafter reindicted for robbery in cause number 343,144.

By agreement, the two counts were consolidated for trial and were tried in the 180th District Court of Harris County. Before trial and without objection for appellant, the offense charged in cause number 336,203 was reduced from aggravated robbery to robbery by deleting this phrase from the indictment: "exhibiting a deadly weapon, namely, a firearm."

The evidence shows that on June 3, 1981, at approximately 10:45 p.m., David Mooney and a friend were accosted by two men, each holding a gun. After threatening to kill Mooney and his friend, the robbers took Mooney's credit cards, $107, and the keys to his 1981 Subaru automobile. At trial, Mooney positively identified appellant as one of the assailants. This was the robbery case given cause number 336,203.

Several hours later, two men attacked Rashad Dabaghi and took cash and two checks from him. As the two men drove away, Dabaghi got the license number of the small, blue automobile they were driving. This car was the one taken from Mooney in the earlier robbery. A bank teller at Med Bank testified that appellant appeared at her drive-in window and attempted to cash a check drawn on the account of Rashad Dabaghi. Before each robbery, the assailants approached the victim and asked if he knew the way to Bellaire Boulevard.

Alibi witnesses were presented by the defense who testified that he was at home during the time of the two robberies, and that when the check was allegedly presented for payment at the Med Bank, he was at work. Appellant and a former girlfriend testified that on April 3rd or 4th, they were robbed and appellant's pants and billfold were taken. Appellant denied committing the offenses.

THE ROBBERY CONVICTION (CAUSE NUMBER 336,203)

In two grounds of error appellant alleges that the robbery conviction should be reversed because:

(1) Appellant was denied effective assistance of counsel because although his only viable defense, alibi, was raised by the

evidence, the trial counsel failed to request that it be included in the charge and failed to object to its exclusion, and (2) the court committed fundamental error in allowing the prosecution to amend the indictment by deleting words "exhibiting a deadly weapon, namely, a firearm."

 There is no question that the evidence supported a charge on alibi and that appellant waived his right to complain on appeal by failing to object to its omission. *Warren v. State,* 565 S.W.2d 931 (Tex.Cr. App.1978). However, we do not consider this one oversight, if it was such, in itself sufficient to warrant a finding that appellant's counsel was ineffective or that, as a result, appellant failed to receive a fair trial. Counsel's services are to be judged by the totality of the representations. *Ex Parte Prior,* 540 S.W.2d 723 (Tex.Cr.App. 1975). The records shows that counsel for appellant prepared for the trial, that he effectively presented the testimony of appellant's witnesses, that he effectively urged appellant's alibi defense, and fully developed the case in support of this defense. Although the better practice is to request a charge on a defense such as alibi, if the jury believed this testimony, or if it created a reasonable doubt in their minds, it would most certainly have acquitted appellant, with or without the court's instruction. We do not agree with appellant's contention that this case is comparable to *Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980), because in that case counsel failed to advance the only viable defense. In *Duffy,* there was a total lack of diligence by Duffy's counsel in a death penalty case. In our case appellant's counsel effectively advanced his alibi defense, but the jury refused to believe it. We do not attribute counsel's failure to persuade the jury to the lack of an alibi charge. This ground of error is overruled.

Appellant next claims that the court committed fundamental error by allowing the prosecution to omit "by exhibiting a deadly weapon, namely, a firearm," from the indictment.

Appellant claims that this deletion is prohibited in *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980). He also claims that the deletion renders the indictment void because:

(1) it amounted to a usurpation of the exclusive power of the grand jury, and

(2) it reduced the indictment to a felony in information with no showing of a valid waiver complying with Tex.Code Crim. Pro.Ann. art. 1.141, and thus, appellant did not personally waive his right to be accused by indictment.

 Robbery is a lesser included offense of aggravated robbery. Tex.Penal Code Ann. § 29.02, 29.03 (Vernon 1974); *Reece v. State,* 521 S.W.2d 633 (Tex.Cr.App. 1975). The greater offense, when properly alleged, necessarily includes all lesser included offenses whether or not each of their constituted elements are alleged in the wording of the indictment on the greater offense. *Allison v. State,* 618 S.W.2d 763 (Tex.Cr.App.1981).

 We hold that the reduction of an offense to a lesser included offense does not violate a defendant's right to fair notice. Nor do we believe that it deprives a defendant of his right to be accused by indictment because he is in fact tried for an offense necessarily included by law, in the indictment. Further, this deletion before trial benefited appellant by keeping from the jury the fact that appellant had been indicted for a more serious offense. This ground of error is overruled.

### THE ROBBERY (CAUSE NUMBER 343,144)

Appellant alleges two grounds of error in the trial of the robbery case:

(1) the ineffectiveness of counsel as urged in the robbery case, and

(2) that the evidence is insufficient to establish beyond a reasonable doubt that the injuries sustained by Rashad Dabaghi during the course of the robbery constituted bodily injury as defined by Tex.Penal Code Ann. § 107(a)(7).

We will not reiterate what we have previously written concerning appellant's claim of ineffective assistance of counsel. Appellant's contentions in this regard are leveled at the convictions in both case. We adopt what we have previously written in the robbery case regarding this claim.

The evidence shows that during the course of the robbery, Rashad Dabaghi was struck in the face, scratched on the neck, his face was pushed against a fence, and he was hit from behind. He testified that this caused swelling and tenderness, that he was bruised, and that it hurt when he touched the bruises. We are of the opinion that this testimony is sufficient to prove "bodily injury" under the provisions of Tex.Penal Code Ann. § 1.07(a)(7) (Vernon 1978) which states that bodily injury means physical pain, illness, or any impairment of physical condition. This ground of error is overruled.

The judgments in cause number 343,144 and in cause number 336,203 are affirmed.