Robert POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–00646–CR.

Court of Appeals of Texas,
Dallas.

May 28, 1985.

Michael Byck, Lawrence B. Mitchell, Dallas, for appellant.

Jeffrey B. Keck, Asst. Dist. Atty., Henry Wade, Criminal Dist. Atty., Dallas, for appellee.

Before ALLEN, STEPHENS and McCLUNG, JJ.

ALLEN, Justice.

Appellant, Robert Powell, appeals his conviction for indecency with a child. We agree with appellant's contention that the introduction of a videotaped interview of the child complainant, in accordance with TEX. CODE CRIM.PROC.ANN. art. 38.- 071, §§ 4 and 5 (Vernon Supp.1985), violated appellant's right to confrontation under TEX. CONST. art. I, § 10 and the sixth amendment to the United States Constitution. We accordingly hold that the procedure set out in article 38.071, sections 4 and 5, is unconstitutional, reverse the conviction in the present case and remand the cause for a new trial.

Appellant presents nine grounds of error. The first five raise the issue of the constitutionality of the State's use of the videotape. It is well settled that we may not reach the question of the constitutionality of a statute unless a decision on its constitutionality is absolutely necessary for a decision of the case. *Smith v. State*, 658 S.W.2d 172, 174 (Tex.Crim.App.1983). Thus, we must first address the grounds of error which do not raise constitutional issues.

In his sixth ground of error appellant contends that the oral stipulation that the requirements of article 38.071 had been met was invalid under TEX.CODE CRIM. PROC.ANN. art. 1.15 (Vernon 1977), since there was no written agreement to stipulate evidence. Appellant argues that the violation of article 1.15 was fundamental error requiring automatic reversal. Article 1.15, however, does not apply to jury cases, such as this one. *Holtzclaw v. State*, 451 S.W.2d 505, 507 (Tex.Crim.App.1970). We overrule the sixth ground of error.

In his seventh ground of error, appellant contends that the court's charge to the jury was reversibly defective because it did not define "reasonable doubt". The current law in Texas is that it is not necessary for the charge to contain a definition of reasonable doubt. *Whitson v. State*, 495 S.W.2d 944, 946 (Tex.Crim.App. 1973); *Pierce v. State*, 159 Tex.Cr.R. 504, 265 S.W.2d 601, 602 (1954). Appellant apparently seeks a change in this established doctrine. As an intermediate court, we are bound to follow the decisions of the Court of Criminal Appeals in criminal cases. *Patterson v. State*, 654 S.W.2d 825, 827 (Tex. App.—Dallas 1983, pet ref'd). We overrule the seventh ground of error.

Appellant's eighth ground of error maintains that the trial court erred in failing to define the term "sexual contact". Appellant says that there was no definition

of sexual contact anywhere in the charge. Actually, the application portion of the charge instructed the jury that they could find appellant guilty only if they concluded, beyond a reasonable doubt, that appellant "engage[d] in sexual contact with [complainant] ... by contact between the hand of the defendant and the genitals of the said [complainant] and with the intent to arouse or gratify the desire of the defendant ..." Thus, the application portion of the charge permitted conviction of the appellant only if he had engaged in sexual contact as defined by TEX. PENAL CODE ANN. § 21.01(2) (Vernon Supp.1985). The application portion of the charge properly instructed the jury on this element of the offense, hence the omission in the abstract portion of a definition relevant to this element was not fundamental error. *Lewis v. State*, 656 S.W.2d 472, 474 (Tex.Crim.App. 1983); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (on rehearing) (fundamental error must involve "egregious harm"). We overrule this ground of error.

█  In his ninth ground of error, appellant contends that the trial court committed fundamental error in failing to apply the law of alibi to the particular facts of this case. Since appellant alleges fundamental error, we must consider whether the court's failure to apply the law of alibi to the particular facts involved the "egregious harm" to appellant which *Almanza* requires for there to be fundamental error in the charge. We concur with the Court of Appeals for Houston's first district that "if the jury believed [the alibi] testimony, or if it created a reasonable doubt in their minds, it would most certainly have acquitted appellant, with or without the court's instruction." *Hubert v. State*, 652 S.W.2d 585 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). We hold that failure of the charge to apply the law of alibi to the particular facts of the present case does not involve such egregious harm to the defendant that it is fundamental error. We overrule the ninth ground of error.

Consequently, we must address the constitutional issues. The relevant statutory provisions, sections 4 and 5 of article 38.071, are as follows:

Sec. 4. The court may, on the motion of the attorney for any party, order that the testimony of the child be taken outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding. *Only those persons permitted to be present at the taking of testimony under Section 3 of this article may be present during the taking of the child's testimony*, and the persons operating the equipment shall be confined from the child's sight and hearing as provided by Section 3. *The court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant.* The court shall also ensure that:

(1) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(2) the recording equipment was capable of making an accurate recording, the operator was competent, and the recording is accurate and is not altered;

(3) each voice on the recording is identified; and

(4) each party is afforded an opportunity to view the recording before it is shown in the courtroom.

Sec. 5. *If the court orders the testimony of a child to be taken under Section 3 or 4 of this article, the child may not be required to testify in court at the proceeding for which the testimony was taken.* [emphasis added]

The "persons permitted to be present at the taking of testimony under Section 3" are "the attorneys for the defendant and the State, persons necessary to operate the equipment, and any person whose presence would contribute to the welfare and well-being of the child." Thus, in the procedure set out in sections 4 and 5, the complainant may testify without ever actually confronting the accused face-to-face. The accused

has no right to compel a face-to-face confrontation. In the present case, appellant objected to the admission of the videotape on the grounds that he had no opportunity for face-to-face confrontation. In addition, appellant requested permission to call the child witness for live, in-court testimony, and thus face-to-face confrontation in court, but the trial court denied his request.

■ TEX. CONST. art. I, § 10 provides, in pertinent part, that "[i]n all criminal prosecutions the accused ... shall be confronted by the witnesses against him ..." The sixth amendment to the United States Constitution similarly provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ..." The United States Supreme Court has, over the years, consistently held that the right to confrontation includes a literal right to confront the adverse witnesses face-to-face when they testify. In *Mattox v. United States*, 156 U.S. 237, 243–44, 15 S.Ct. 337, 340, 39 L.Ed. 409, 411 (1895), the Supreme Court approved the admission of two deceased witnesses' transcribed prior trial testimony, but, significantly, gave the following rationale for its decision:

> The substance of the [sixth amendment] constitutional protection is preserved to the prisoner in the advantage he once had of *seeing the witness face-to-face*, and of subjecting him to the ordeal of a cross-examination. This, the law says, he shall in no circumstances be deprived of ... [emphasis added]

The court soon after confirmed this interpretation in *Dowdell v. United States*, 221 U.S. 325, 330, 31 S.Ct. 590, 592, 55 L.Ed. 753, 757 (1911), saying that the sixth amendment provision for confrontation of witnesses was "intended to secure the right of the accused to *meet the witnesses face-to-face*, and thus to sift the testimony produced against him." [emphasis added]

The court's observations in *Kirby v. United States*, 174 U.S. 47, 55, 19 S.Ct. 574, 577, 43 L.Ed. 890, 894 (1899), though somewhat less direct, were to the same effect:

> But a fact which can be primarily established only by witnesses cannot be proved against an accused ... except by witnesses *who confront him at the trial, upon whom he can look while being tried,* whom he is entitled to cross-examine, and whose testimony he may impeach ... [emphasis added]

Nor has the court changed its position in more recent times. When the court observed in *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974), that "[c]onfrontation means more than being allowed to confront the witness physically," it surely implied that confrontation means *at least* being allowed to confront the witness physically. And most recently, the court in *Ohio v. Roberts*, 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597, 606 (1980), held that "the Confrontation Clause reflects a preference for face-to-face confrontation at trial ..." To support this holding, the court quoted with approval its earlier statement in *California v. Green*, 399 U.S. 149, 157, 90 S.Ct. 1930, 1934–35, 26 L.Ed.2d 489, 496 (1970) that "it is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause ..." Also, in applying this preference for face-to-face confrontation, the court in *Roberts* held more specifically that "[i]n the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of the declarant whose [out-of-court] statement it wishes to use against the defendant." *Roberts*, 448 U.S. at 65, 100 S.Ct. at 2538, 65 L.Ed.2d at 607.[1]

Inasmuch as the Supreme Court has, in *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), applied the United States Constitution's confrontation

---

1. *But see Douglas v. Alabama*, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934, 937 (1965) ("an adequate opportunity for cross-examination may satisfy the clause even in the absence of physical confrontation" [*dictum*] ).

clause to the States, Texas courts must, at minimum, respect the "preference for face-to-face confrontation." Yet, before *Pointer*, the Texas Court of Criminal Appeals had, in interpreting article I, section 10 of the Texas Constitution, been at least as explicit about the necessity for face-to-face confrontation. In *Garcia v. State*, 151 Tex.Cr.R. 593, 210 S.W.2d 574, 578 (1948) (on rehearing), the Court of Criminal Appeals quoted as authoritative the following definition of the right to confrontation from *Kemper v. State*, 63 Tex.Cr.R. 1, 138 S.W. 1025, 1038 (1911), *overruled on other grounds, Robertson v. State*, 63 Tex.Cr.R. 216, 142 S.W. 533, 546 (1911):

> The constitutional provision that the accused shall be confronted with the witnesses against him means that the witnesses on the part of the State shall be personally present when the accused is on trial, or that they shall be examined in his presence and be subject to cross-examination by him.

*See also Baltierra v. State*, 586 S.W.2d 553, 556 (Tex.Crim.App.1979) (on rehearing en banc). In elaborating on its definition of the right of confrontation, the *Kemper* court also made this significant comment:

> [T]he accused person, whoever he may be, and with whatever offense he may be charged, shall be "confronted" with the witnesses against him. How is he to be "confronted"? Surely by having them come face-to-face.

*Kemper*, 138 S.W. at 1039.

Consequently, we cannot agree with the decision of the Superior Court of New Jersey, in *State v. Sheppard*, 197 N.J.Super. 411, 484 A.2d 1330 (1984), that a videotape of a child witness in an abuse case was admissible, despite the fact that the New Jersey procedure allowed the defendant no opportunity for face-to-face confrontation. The theory animating this decision was that the State's interest in the emotional well-being of the child outweighed the defendant's right to face-to-face confrontation. We are well aware that an obvious interest at stake in cases of this kind is the protection of the emotional well-being of the child. However, we must concur with the observations the Court of Criminal Appeals made in *Vasquez v. State*, 145 Tex. Cr.R. 376, 167 S.W.2d 1030, 1032 (1942), when it struggled with an analogous problem in a child rape case.

> The little girl was nervous and exited [sic] and this was relied upon as a reason for the State not offering her as a witness, though she was an unusually smart child. We do not believe that it is sufficient under the facts stated to defeat the right of the accused to be confronted by the witness against him. The writer shares all of the sympathy which the State and the jury may have had for the child in her unfortunate situation and would like to relieve her completely of the embarrassment, but it would set a precedent too dangerous to be sanctioned. It would be better that a guilty person may go unpunished than that this important provision of our Constitution should be ignored. The rights of the accused in the instant case, however important to him, are infinitesimal when compared to the rights of the millions which are protected by the constitutional provision involved.

■■■ Moreover, the procedure set out in article 38.071, sections 4 and 5, does not give the defendant any opportunity to participate personally in the cross-examination of the child. Indeed, section 4 does not give the defendant's *attorney* the right to cross-examine the child, except possibly by implication. In the present case, the defense attorney did cross-examine the child during the videotaping session, and the trial court gave defense counsel an opportunity to do further cross-examination on videotape after trial had begun, although defense counsel refused that opportunity. The trial court's offer, however, did not satisfy the constitutional requirement. One essential element of confrontation is the ability to consult with one's lawyer during cross-examination of the adverse witness. *Baltierra*, 586 S.W.2d at 556. Article 38.071, sections 4 and 5, does not afford the defendant an opportunity to con-

sult with his lawyer during cross-examination and thus take part in cross-examination. The record in the present case does not show that appellant had such an opportunity.

■ The right to confrontation is personal to the accused, *Faretta v. California,* 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562, 572 (1975), and thus also the right to cross-examination. *See Baltierra,* 586 S.W.2d at 556. Therefore, the State cannot constitutionally force a defendant to delegate *entirely* to his lawyer the cross-examination of an adverse witness. Yet this precisely is the effect of the procedure of article 38.071, sections 4 and 5, as the trial court interpreted and applied it in this case.

■ Consequently, we hold that the videotape procedure set forth in article 38.-071, sections 4 and 5, is unconstitutional. We declare article 38.071, section 4, unconstitutional and declare article 38.071, section 5, also unconstitutional insofar as it applies to article 38.071, section 4. We reverse the judgment of conviction and remand the cause for a new trial.

Reversed and remanded.