

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1613-07

**ROBERT WALKER FISCHER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**PRICE, J., filed a concurring and dissenting opinion.**

### CONCURRING AND DISSENTING OPINION

I agree with the Court that, in deciding whether the trial court correctly determined that the State had produced evidence sufficient to support a jury finding that the appellant committed the extraneous offense of the theft of the rifle, the court of appeals erred to consider only the State's oral proffer of evidence at the beginning of the trial. I disagree, however, that, when taking all of the State's evidence into consideration, the trial court could

have found sufficient evidence to support a jury finding that the appellant committed the theft to a level of confidence beyond a reasonable doubt. Moreover, we should not be addressing that question for the first time in a petition for discretionary review. However, because the appellant failed to renew his objection to the admission of the extraneous offense evidence on the grounds that the State ultimately failed to "connect it up," it is unlikely that he has preserved that error for appeal in any event. In my remand order to the court of appeals, I would direct it to address these questions, if necessary, along with the appellant's remaining points of error. Because the Court does not, I cannot join its opinion.

## I.

In *Harrell v. State*,[1] we held that, before admitting evidence of an extraneous offense, the trial court must make an "initial determination" that there is evidence sufficient to support a jury determination that the defendant committed that offense to a level of confidence beyond a reasonable doubt.[2] This does not constitute a "preliminary question" in contemplation of Rule 104(a) of the Texas Rules of Evidence; rather, the "initial determination" that *Harrell* contemplated was one of the fulfilment of a "conditional fact" under Rule 104(b).[3] Under this provision, the State, as proponent of the extraneous offense

---

[1] 884 S.W.2d 154 (Tex. Crim. App. 1994).

[2] *Id*. at 159-160.

[3] *Huddleston v. United States*, 485 U.S. 681, 689 (1988). Although *Huddleston* construes the Federal Rules of Evidence, our Rule 104(a) and (b) are in all material respects identical to Federal

evidence, would have a burden to convince the trial court that it would be able to prove up the conditional fact making the evidence relevant, and therefore admissible—namely, that there is sufficient evidence to justify a finding beyond a reasonable doubt that the appellant committed the extraneous offense. As the United States Supreme Court has recognized, "in assessing the sufficiency of the evidence under Rule 104(b), the trial court must consider all evidence presented to the jury."[4]

> The trial court has traditionally exercised the broadest sort of discretion in controlling the order of proof at trial, and we see nothing in the Rules of Evidence that would change this practice. Often the trial court may decide to allow the proponent to introduce evidence concerning a similar act [of misconduct], and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding. If the proponent has failed to meet this minimal standard of proof, the trial court must instruct the jury to disregard the evidence.[5]

This is precisely the approach the trial court took in this case. I therefore agree with the Court that the court of appeals should have considered all of the evidence adduced at trial in deciding whether the trial court abused its discretion to admit the extraneous offense evidence. In limiting its consideration to the evidence that was orally proffered by the State prior to the inception of testimony in the case, the court of appeals essentially treated the

---

Rules of Evidence 104(a) and (b). "Cases and commentaries interpreting the Federal Rules of Evidence are instructive in our consideration of similarly worded provisions in our own rules." *Coffin v. State*, 885 S.W.2d 104, 147 n.4 (Tex. Crim. App. 1994).

[4] *Huddleston*, *supra*, at 690-91.

[5] *Id*. at 690.

admissibility of the extraneous offense as a "preliminary question" under Rule 104(a), rather than as an issue of whether the proponent had met its burden to show the fulfilment of a conditional fact, under Rule 104(b). I concur in the Court's judgment that that was error.

**II**.

The Court also concludes that, when considering *all* of the evidence adduced in the course of the trial, there was in fact sufficient evidence to justify a jury finding, beyond a reasonable doubt, that the appellant stole the rifle.[6] I cannot agree. The Court suggests that

---

[6]

Neither our Rule 104(b), nor Federal Rule 104(b), speaks to the level of confidence by which a trial court must determine that a jury could find "the fulfillment of the condition" that makes conditional-fact evidence admissible. *Harrell*, *supra*, at 160. In the context of extraneous offense evidence, the United States Supreme Court has held that the trial court must be able to say that a jury could find the conditional fact by a preponderance of the evidence. *See Huddleston*, *supra*, at 690 ("In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence."). This Court, however, was not bound to follow the lead of the Supreme Court in this regard, and did not. Instead, for better or for worse, we have honored long-standing state law precedent pre-dating Rule 104(b), and adopted a beyond-a-reasonable-doubt standard for threshold admissibility. *Harrell*, *supra*, at 161.

Contrary to the suggestion of Judge Cochran in her concurring opinion, I take no position on the advisability of overruling *Harrell*. The question of whether *Harrell* was rightly decided has not been made an issue by the parties in this cause, and I therefore presume we must follow it in deference to *stare decisis*. Moreover, so long as *Harrell* is the law, I do not believe Judge Womack is justified in his suggestion that evidence of "the appellant's access to the murder weapon" was admissible simply because it was "a relevant fact." Under *Harrell*, right or wrong, it is not enough that evidence of the missing rifle, the probativeness of which *in this trial* depended upon the inference that the appellant is the one who took it, was minimally relevant. Under *Harrell*, it was not admissible unless the inference was strong enough that a jury would be justified in drawing it to a level of confidence beyond a reasonable doubt. While this may well illustrate the dubiousness of our holding in *Harrell*, that question has not been briefed and is not before us today.

the evidence is sufficient to prove the theft of the rifle considering that:

- ballistically, the rifle was shown almost certainly to be the murder weapon;

- the appellant (along with many others) had access to the gun cabinet;

- the appellant had fallen into disfavor with the victim, his aunt;

- the appellant had motive and opportunity to commit the murder; and

- the victim apparently knew her assailant.

I have my doubts that the circumstantial evidence would support a jury verdict beyond a reasonable doubt that the appellant committed the murder absent more compelling evidence that he was the one who stole the rifle. And without evidence beyond a reasonable doubt that the appellant was the murderer, I do not think there is evidence sufficient to support a rational conclusion—to a degree of confidence *beyond a reasonable doubt*—that the appellant stole the rifle. The Court's reasoning is alarmingly circular.

In any event, the court of appeals never passed upon the question whether *all* of the evidence would support a jury conclusion beyond a reasonable doubt that the appellant stole the rifle. This Court should not pass on that question in the first instance, since we address only "decisions" of the courts of appeals.[7] If it may fairly be said that this issue is raised in the appellant's appellate briefs, I would direct the court of appeals to address it, if necessary, on remand. Because the Court improperly addresses it for the first time on discretionary

---

[7] *E.g.*, *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007).

review, I dissent.

### III.

A trial court does not err to admit evidence on the basis of conditional relevance, under Rule 104(b), contingent upon the proponent later "connecting it up."[8] The opponent of evidence conditionally admitted must, if he is to preserve error for appeal, make an objection at the conclusion of the evidence that the condition has not been established, and ask for an instruction to the jury that it disregard the unconnected evidence.[9] The appellant appears to have made no such objection or request in this case.

Issues of error preservation are "systemic" and should be addressed by first-tier appellate courts whether raised by the parties or not.[10] The court of appeals reversed the appellant's conviction in this cause without addressing the issue of error preservation. In our

---

[8] "Simply put, a trial judge cannot err in most cases by overruling a relevancy objection so long as the challenged evidence might be 'connected up' before the end of trial. * * * And it is not the judge's duty to notice whether the evidence is eventually 'connected up' in fact. Instead, the objecting party must reurge his relevancy complaint after all the proof is in, ask that the offending evidence be stricken, and request that the jury be instructed to disregard it. Otherwise, his objection will be deemed forfeited on appeal." *Fuller v. State*, 829 S.W.2d 191, 198-99 (Tex. Crim. App. 1992); "A waiver may occur . . . if the opponent fails to renew his original objection by a motion to strike at an appropriate time, usually the close of the proponent's case." Steven Goode, Olin Guy Wellborn, III & M. Michael Sharlot, 1 TEXAS PRACTICE:GUIDE TO THE TEXAS RULES OF EVIDENCE § 104.2 (3d ed. 2002), at 41; *Huddleston, supra*, at 690, n.7, *quoting* 21 C Wright & K Graham, FEDERAL PRACTICE AND PROCEDURE § 5054, pp. 269-270 (1977).

[9] *Id*.

[10] *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007); *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005).

remand to the court of appeals, we should direct it to address the question, if necessary,[11] whether the appellant has preserved the claim that the trial court erred to admit the extraneous offense evidence on the condition that the State prove he committed it beyond a reasonable doubt under Rule 104(b). Because the Court fails to incorporate this requirement into its remand order, I dissent.

Filed: October 29, 2008
Publish

---

[11] If any of the appellant's remaining points of error should prove to be meritorious, then of course there would be no point in the court of appeals addressing whether the instant point of error was properly preserved for appeal.