IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1613-07







ROBERT WALKER FISCHER, Appellant


v.


THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE FOURTH COURT OF APPEALS

BEXAR COUNTY




 Price, J., filed a concurring and dissenting opinion.


CONCURRING AND DISSENTING OPINION


 I agree with the Court that, in deciding whether the trial court correctly determined
that the State had produced evidence sufficient to support a jury finding that the appellant
committed the extraneous offense of the theft of the rifle, the court of appeals erred to
consider only the State's oral proffer of evidence at the beginning of the trial. I disagree,
however, that, when taking all of the State's evidence into consideration, the trial court could
have found sufficient evidence to support a jury finding that the appellant committed the theft
to a level of confidence beyond a reasonable doubt. Moreover, we should not be addressing
that question for the first time in a petition for discretionary review. However, because the
appellant failed to renew his objection to the admission of the extraneous offense evidence
on the grounds that the State ultimately failed to "connect it up," it is unlikely that he has
preserved that error for appeal in any event. In my remand order to the court of appeals, I
would direct it to address these questions, if necessary, along with the appellant's remaining
points of error. Because the Court does not, I cannot join its opinion.

I.

 In Harrell v. State, (1) we held that, before admitting evidence of an extraneous offense, 
the trial court must make an "initial determination" that there is evidence sufficient to support
a jury determination that the defendant committed that offense to a level of confidence
beyond a reasonable doubt. (2) This does not constitute a "preliminary question" in
contemplation of Rule 104(a) of the Texas Rules of Evidence; rather, the "initial
determination" that Harrell contemplated was one of the fulfilment of a "conditional fact"
under Rule 104(b). (3) Under this provision, the State, as proponent of the extraneous offense
evidence, would have a burden to convince the trial court that it would be able to prove up
the conditional fact making the evidence relevant, and therefore admissible--namely, that
there is sufficient evidence to justify a finding beyond a reasonable doubt that the appellant
committed the extraneous offense. As the United States Supreme Court has recognized, "in
assessing the sufficiency of the evidence under Rule 104(b), the trial court must consider all
evidence presented to the jury." (4)

 The trial court has traditionally exercised the broadest sort of discretion in
controlling the order of proof at trial, and we see nothing in the Rules of
Evidence that would change this practice. Often the trial court may decide to
allow the proponent to introduce evidence concerning a similar act [of
misconduct], and at a later point in the trial assess whether sufficient evidence
has been offered to permit the jury to make the requisite finding. If the
proponent has failed to meet this minimal standard of proof, the trial court
must instruct the jury to disregard the evidence. (5)


This is precisely the approach the trial court took in this case. I therefore agree with the
Court that the court of appeals should have considered all of the evidence adduced at trial in
deciding whether the trial court abused its discretion to admit the extraneous offense
evidence. In limiting its consideration to the evidence that was orally proffered by the State
prior to the inception of testimony in the case, the court of appeals essentially treated the
admissibility of the extraneous offense as a "preliminary question" under Rule 104(a), rather
than as an issue of whether the proponent had met its burden to show the fulfilment of a
conditional fact, under Rule 104(b). I concur in the Court's judgment that that was error.

II.

 The Court also concludes that, when considering all of the evidence adduced in the
course of the trial, there was in fact sufficient evidence to justify a jury finding, beyond a
reasonable doubt, that the appellant stole the rifle. (6) I cannot agree. The Court suggests that
the evidence is sufficient to prove the theft of the rifle considering that:


 ballistically, the rifle was shown almost certainly to be the murder weapon;
 the appellant (along with many others) had access to the gun cabinet;
 the appellant had fallen into disfavor with the victim, his aunt;
 the appellant had motive and opportunity to commit the murder; and
 the victim apparently knew her assailant.


I have my doubts that the circumstantial evidence would support a jury verdict beyond a
reasonable doubt that the appellant committed the murder absent more compelling evidence
that he was the one who stole the rifle. And without evidence beyond a reasonable doubt that
the appellant was the murderer, I do not think there is evidence sufficient to support a
rational conclusion--to a degree of confidence beyond a reasonable doubt--that the
appellant stole the rifle. The Court's reasoning is alarmingly circular.

 In any event, the court of appeals never passed upon the question whether all of the
evidence would support a jury conclusion beyond a reasonable doubt that the appellant stole
the rifle. This Court should not pass on that question in the first instance, since we address
only "decisions" of the courts of appeals. (7) If it may fairly be said that this issue is raised in
the appellant's appellate briefs, I would direct the court of appeals to address it, if necessary,
on remand. Because the Court improperly addresses it for the first time on discretionary
review, I dissent.

III.

 A trial court does not err to admit evidence on the basis of conditional relevance,
under Rule 104(b), contingent upon the proponent later "connecting it up." (8) The opponent
of evidence conditionally admitted must, if he is to preserve error for appeal, make an
objection at the conclusion of the evidence that the condition has not been established, and
ask for an instruction to the jury that it disregard the unconnected evidence. (9) The appellant
appears to have made no such objection or request in this case.

 Issues of error preservation are "systemic" and should be addressed by first-tier
appellate courts whether raised by the parties or not. (10) The court of appeals reversed the
appellant's conviction in this cause without addressing the issue of error preservation. In our
remand to the court of appeals, we should direct it to address the question, if necessary, (11)
whether the appellant has preserved the claim that the trial court erred to admit the
extraneous offense evidence on the condition that the State prove he committed it beyond a
reasonable doubt under Rule 104(b). Because the Court fails to incorporate this requirement
into its remand order, I dissent.


Filed: October 29, 2008

Publish
1. 884 S.W.2d 154 (Tex. Crim. App. 1994).
2. Id. at 159-160.
3. Huddleston v. United States, 485 U.S. 681, 689 (1988). Although Huddleston construes the
Federal Rules of Evidence, our Rule 104(a) and (b) are in all material respects identical to Federal
Rules of Evidence 104(a) and (b). "Cases and commentaries interpreting the Federal Rules of
Evidence are instructive in our consideration of similarly worded provisions in our own rules." 
Coffin v. State, 885 S.W.2d 104, 147 n.4 (Tex. Crim. App. 1994).
4. Huddleston, supra, at 690-91.
5. Id. at 690.
6. Neither our Rule 104(b), nor Federal Rule 104(b), speaks to the level of confidence by which
a trial court must determine that a jury could find "the fulfillment of the condition" that makes
conditional-fact evidence admissible. Harrell, supra, at 160. In the context of extraneous offense
evidence, the United States Supreme Court has held that the trial court must be able to say that a jury
could find the conditional fact by a preponderance of the evidence. See Huddleston, supra, at 690
("In determining whether the Government has introduced sufficient evidence to meet Rule 104(b),
the trial court neither weighs credibility nor makes a finding that the Government has proved the
conditional fact by a preponderance of the evidence. The court simply examines all the evidence in
the case and decides whether the jury could reasonably find the conditional fact . . . by a
preponderance of the evidence."). This Court, however, was not bound to follow the lead of the
Supreme Court in this regard, and did not. Instead, for better or for worse, we have honored long-standing state law precedent pre-dating Rule 104(b), and adopted a beyond-a-reasonable-doubt
standard for threshold admissibility. Harrell, supra, at 161.


 Contrary to the suggestion of Judge Cochran in her concurring opinion, I take no position on
the advisability of overruling Harrell. The question of whether Harrell was rightly decided has not
been made an issue by the parties in this cause, and I therefore presume we must follow it in
deference to stare decisis. Moreover, so long as Harrell is the law, I do not believe Judge Womack
is justified in his suggestion that evidence of "the appellant's access to the murder weapon" was
admissible simply because it was "a relevant fact." Under Harrell, right or wrong, it is not enough
that evidence of the missing rifle, the probativeness of which in this trial depended upon the
inference that the appellant is the one who took it, was minimally relevant. Under Harrell, it was
not admissible unless the inference was strong enough that a jury would be justified in drawing it
to a level of confidence beyond a reasonable doubt. While this may well illustrate the dubiousness
of our holding in Harrell, that question has not been briefed and is not before us today.
7. E.g., Stringer v. State, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007).
8. "Simply put, a trial judge cannot err in most cases by overruling a relevancy objection so
long as the challenged evidence might be 'connected up' before the end of trial. * * * And it is not
the judge's duty to notice whether the evidence is eventually 'connected up' in fact. Instead, the
objecting party must reurge his relevancy complaint after all the proof is in, ask that the offending
evidence be stricken, and request that the jury be instructed to disregard it. Otherwise, his objection
will be deemed forfeited on appeal." Fuller v. State, 829 S.W.2d 191, 198-99 (Tex. Crim. App.
1992); "A waiver may occur . . . if the opponent fails to renew his original objection by a motion to
strike at an appropriate time, usually the close of the proponent's case." Steven Goode, Olin Guy
Wellborn, III & M. Michael Sharlot, 1 Texas Practice:Guide to the Texas Rules of Evidence
§ 104.2 (3d ed. 2002), at 41; Huddleston, supra, at 690, n.7, quoting 21 C Wright & K Graham,
Federal Practice and Procedure § 5054, pp. 269-270 (1977). 
9. Id.
10. Archie v. State, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007); Haley v. State, 173 S.W.3d 
510, 515 (Tex. Crim. App. 2005).
11. If any of the appellant's remaining points of error should prove to be meritorious, then of
course there would be no point in the court of appeals addressing whether the instant point of error
was properly preserved for appeal.