

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1046-07

### EX PARTE TENIKA BROOKS, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS NACOGDOCHES COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. MEYERS, J., filed a concurring opinion.

## O P I N I O N

In April of 2000, appellant was indicted for a theft of $100,000 or more but less than $200,000 that was alleged to have occurred "between 7-1-98 through 4-1-2000." That indictment was subsequently amended to change the alleged value to $20,000 or more but less than $100,000. After numerous delays, trial was set for August 17, 2006. On the day of trial, the state moved the trial court to amend the indictment to include language required by the penal code when charging

aggregated theft.[1]  After the trial court denied the motion, the state moved to dismiss the indictment so that it might cure the indictment's defect.  Over appellant's objection, the trial court granted the motion to dismiss.

The following day, the state re-indicted appellant and included specific language alleging aggregated theft.  The new indictment alleged theft "pursuant to one scheme or continuing course of conduct that began on or about September 1, 1998, and continued until on or about April 1, 2000," but it did not contain any allegation that the statute of limitations had been tolled by the previous indictment.  Appellant, claiming that prosecution on the new indictment was barred by the five-year statute of limitations for felony theft, filed a pretrial application for writ of habeas corpus with the trial court.  Appellant also argued that the trial court erred in dismissing the first indictment as against "the public interest."  The trial court held a hearing to determine the disposition of the application.  During the hearing, appellant acknowledged that the limitations could be tolled by a previously pending indictment if both indictments alleged the same conduct, act, or transaction, but she asserted that the first indictment had alleged a single act of theft, not an aggregated one, and argued that a single theft was not the same conduct, act, or transaction as aggregated theft.  At the conclusion of the hearing, the trial court took the matter under advisement and a few days later issued a written order denying relief.  Thereafter appellant appealed.

Appellant's pleadings and arguments in the court of appeals mirrored her pleadings and arguments in the trial court.  Appellant argued in her first two points of error that the second indictment was barred by the statute of limitations because aggregated theft could not be tolled by

---

[1]  TEX. PENAL CODE § 31.09 provides: "When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense."

an indictment alleging "a single theft," because they are "separate offenses for all purposes, including limitations[,]" arising from "different conduct, different acts, and different transactions[.]" (Appellant's brief before the court of appeals, p. 11.) She argued that theft and aggregated theft "are separate offenses, addressed to different conduct[, and t]he preceding indictment which alleged a single theft did not toll the limitations period for aggregate[d] theft alleged in the instant indictment." (Appellant's brief before the court of appeals, p. 8.)

The court of appeals, however, characterized appellant's claim as a challenge to the sufficiency of the state's anticipated tolling argument and analyzed appellant's claim under this challenge. *Ex parte Brooks*, ___ S.W.3d ___, 2007 Tex. App. LEXIS 4770, *4 (Tex. App.–Tyler 2007, delivered June 30, 2007). The court of appeals held that appellant's claim (as characterized by the court of appeals) was governed by *Ex parte Smith*, 178 S.W.3d 797 (Tex. Crim. App. 2005),[2] and it was therefore unable to address the merits of appellant's "interlocutory appeal claim concerning the sufficiency of the tolling allegation." Accordingly, the court of appeals dismissed appellant's first two points of error for want of jurisdiction.[3] As to appellant's claim that the trial court erred in dismissing the state's first indictment, the court of appeals held that the trial court, thus necessarily the court of appeals, lacked jurisdiction to review such a claim via a writ of habeas corpus. *Ex parte Brooks*, ___ S.W.3d at ___, 2007 Tex. App. LEXIS 4770, *5-8.

Appellant filed a petition for discretionary review with this court. We granted appellant's

---

[2] "A defendant may challenge an indictment that, on its face, is barred by the statute of limitations by way of a pretrial application for writ of habeas corpus. . . . If, on the other hand, an indictment alleges that the statute of limitations is tolled, the sufficiency of that tolling allegation may not be challenged by a pretrial writ of habeas corpus." *Ex parte Brooks* at *3 (citing *Ex parte Smith*, 178 S.W.3d at 803)(citations omitted).

[3] While the court of appeals used the language "for want of jurisdiction" in dismissing appellant's first two points of error, more appropriate terminology might be "for want of a cognizable claim." *See Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998).

first ground for review, which asks whether the court of appeals mischaracterized appellant's challenge to the new indictment. We refused review of appellant's second ground for review challenging the court of appeals's holding that it and the trial court lacked jurisdiction to review the first indictment's dismissal under a writ of habeas corpus.

We agree with appellant that the court of appeals misunderstood her claim. Appellant did not claim that the second indictment was defective because it did not contain tolling language, nor did appellant argue that the indictment would still be insufficient even if it did contain tolling language. Appellant contended that the first indictment charged only a single theft, which cannot toll limitations for an indictment alleging aggregated theft, regardless of the language or defects in either of the indictments, because tolling does not occur when separate offenses that address different conduct, different acts, and different transactions are alleged in a subsequent indictment. (Appellant's brief in the court of appeals, p. 11.)

The state counters that the original indictment did charge aggregated theft because it stated that the theft took place "between 7-1-98 through 4-1-2000" instead of the language used to allege an individual theft–"on or about" a date. Although the indictment did not include the language from Section 31.09, the state asserts that the individual thefts were committed pursuant to a continuing scheme or course of conduct; both indictments charged appellant with aggregated theft and rest on the same evidence and same conduct. (State's brief in the Court of Criminal Appeals, p. 5) The court of appeals neither addressed these arguments nor decided the stated issues.

The discretionary review power of this court permits review only of decisions by the lower courts. The court of appeals failed to decide the claim appellant raised in that court, and we cannot review a decision that has not been made. *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App.

2007).  Accordingly, we sustain appellant's ground for review, reverse the judgment of the court of appeals, and remand this cause to that court for further proceedings consistent with this opinion.

Delivered: June 9, 2010
Publish