**Affirmed and Memorandum Opinion filed December 9, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00122-CR

### AARON FRANK DOMANGUEX, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1388369**

## M E M O R A N D U M  O P I N I O N

Appellant Aaron Frank Domanguex appeals his conviction for aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02. In a single issue appellant argues the trial court erred in considering evidence of prior convictions, which was admitted by an invalid stipulation. We affirm.

Appellant pleaded guilty to aggravated assault with a deadly weapon without

an agreement as to punishment. Following his guilty plea the trial court held a hearing at which the complainant and appellant testified. At the beginning of the hearing, the following discussion took place:

> MR. GARZA [defense counsel]: Your Honor, we do have some stipulations we'd like to introduce first, as far as records, any *Brady* material and any convictions and extraneous for the Defendant, also, Your Honor.
>
> MR. O'DONNELL [prosecutor]: That's correct.
>
> THE COURT: You have a stipulation?
>
> MR. O'DONNELL: Yes, we have a stipulation to the Defendant's priors. This is a list of the Defendant's prior criminal history as well as relevant impeachable criminal history of the State's witness.
>
> THE COURT: Okay. I guess, for purposes of this hearing, I'm going to mark the — and really you just, it's just a Supplemental Notice of Intention to Use Evidence of Prior Convictions and Extraneous Offenses that were filed with the Court. So, for purposes of this hearing, I will mark it as State's Exhibit No. 1.
>
> MR. O'DONNELL: That's fine, Your Honor.
>
> THE COURT: Is there any objection then to State's Exhibit No. 1?
>
> MR. GARZA: There is not, Your Honor.

In his sole issue on appeal appellant argues the trial court erred in considering State's Exhibit No. 1 because it was an improper stipulation pursuant to article 1.15 of the Texas Code of Criminal Procedure. Appellant argues that because State's Exhibit No. 1 was called a "stipulation" that article 1.15 applies to the trial court's consideration of the evidence.

Article 1.15, entitled "Jury in felony," provides:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the

2

record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. art. 1.15.

This provision has been interpreted to require the proffer of evidence, independent of a simple guilty plea, sufficient to establish culpability. *Stringer v. State*, 241 S.W.3d 52, 58 (Tex. Crim. App. 2007). However, it has been held to apply "where a felony-defendant waives the right to trial by jury at the guilt stage" of the prosecution. *Id.* Appellant was not at the guilt stage of the prosecution when the State introduced evidence of his prior convictions. Appellant had pleaded guilty prior to the punishment hearing.

Appellant further argues that the trial court erred in considering his "criminal history" because State's Exhibit No. 1 is not a valid stipulation. The stipulation, entitled "Supplemental Notice of Intention to Use Evidence of Prior Convictions," contains a list of appellant's known prior convictions, including two felony convictions, 13 misdemeanor convictions, and one felony charge that was reduced to a Class A misdemeanor. Three of the misdemeanor convictions were for assault. Appellant testified to the two prior felony convictions contained in the stipulation and admitted that he had "some assaults on [his] record." On redirect examination appellant acknowledged the prior misdemeanor and felony convictions.

3

"Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant[.]" Tex. Crim. Proc. Code Ann. art. 37.07 § 3(a)(1). Whether evidence of appellant's prior criminal record was admitted through the "stipulation" or appellant's testimony, the trial court did not err in considering appellant's prior record in assessing punishment. We overrule appellant's sole issue. *See id.*

The judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).