PD-0093-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/7/2015 10:27:37 PM
Accepted 3/10/2015 9:00:57 AM
ABEL ACOSTA
CLERK

**No. PD-0093-15**

IN THE

## Court of Criminal Appeals
## At Austin

_____

# AARON FRANK DOMANGUEX,
*Appellant*

*v.*

# THE STATE OF TEXAS
*Appellee*

_____

Cause number 1388369
In the 262nd Judicial District Court
Of Harris County, Texas

Cause number 14-14-00122-CR
In the Court of Appeals for the Fourteenth Judicial District

_____

*Appellant's Petition for Discretionary Review*
_____

FILED IN
COURT OF CRIMINAL APPEALS

March 10, 2015

ABEL ACOSTA, CLERK

KELLY ANN SMITH
Texas Bar No. 00797867
Kelly.A.Smith.06@gmail.com
P.O. Box 10751
Houston, TX  77206
281-734-0668

*Counsel for Appellant*

# Ground For Review

**The Court of Appeals erred by holding the trial court did not err by considering evidence of prior convictions which was admitted by an invalid stipulation.**

# Statement Regarding Oral Argument

Because this case involves important issues regarding this state's jurisprudence, the appellant submits that oral argument would benefit this Court and pursuant to TEX. R. APP. P. 68.4 (c), requests the opportunity to present oral argument.

IN THE

## Court of Criminal Appeals
## At Austin

_____

# AARON FRANK DOMANGUEX,
*Appellant*

*v.*

# THE STATE OF TEXAS
*Appellee*

_____

Cause number 1388369
In the 262nd Judicial District Court
Of Harris County, Texas

Cause number 14-14-00122-CR
In the Court of Appeals for the Fourteenth Judicial District

_____

# *Appellant's Petition for Discretionary Review*

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

The appellant, by and through undersigned counsel, files this Petition for Discretionary Review and urges this Court to grant discretionary review in this case and in support demonstrates the following.

# IDENTITY OF PARTIES AND COUNSEL

The Appellant has provided a complete list of all interested parties' names below, under TEX. R. APP. P. 68.4.

The appellant or convicted person:

**Aaron Frank Domanguex** — Appellant

Counsel for the appellant:

**Kelly Ann Smith**— Counsel on appeal
PO Box 10751
Houston, Texas 77206
Phone: (281) 734-0668

**David Garza** — Counsel at trial
102 S Lockwood Drive
Houston, Texas 77011
Phone: (713) 228-4341

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County
Harris County Criminal Justice Center

**James O'Donnell** — Assistant District Attorney at trial
Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: (713) 755-5800

Trial Judge:

**Hon. Denise Bradley** — Presiding Judge of the 338th District Court

# TABLE OF CONTENTS

Page

GROUND FOR REVIEW.................................................................................... I

STATEMENT REGARDING ORAL ARGUMENT ............................................. I

IDENTITY OF PARTIES AND COUNSEL ....................................................... III

INDEX OF AUTHORITIES.............................................................................. V

STATEMENT OF THE CASE ...........................................................................2

STATEMENT OF THE PROCEDURAL HISTORY .............................................2

GROUND FOR REVIEW ................................................................................3

REASONS FOR REVIEW ...............................................................................3

PRAYER .....................................................................................................6

CERTIFICATE OF COMPLIANCE & SERVICE .................................................7

# INDEX OF AUTHORITIES

**Cases**

*Bryant v. State*,
187 S.W.3d 397 (Tex. Crim. App. 2005) .........................................................................5

**Statutes**

TEX. CODE CRIM. PROC. art. 1.15........................................................................................6

TEX. CODE CRIM. PROC. art. 37.07 .....................................................................................4

**Rules**

TEX. R. APP. P. 68.4...........................................................................................................i

TEX. R. EVID. 404 .............................................................................................................4

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The State accused the appellant of aggravated assault. (CR 9). The indictment alleged that the Appellant caused bodily injury to Herman Jordan by striking Mr. Jordan with a bat (CR 9). The indictment also alleged that the bat was a deadly weapon (CR 9). The Appellant waived his right to a jury trial and pled guilty to the indictment's allegations. The Honorable Denise Bradley, Presiding Judge of the 262nd District Court of Harris County, Texas, held a punishment hearing then assessed the Appellant's punishment at eight years in prison (CR 92). The Appellant filed a notice of appeal (CR 95).

## STATEMENT OF THE PROCEDURAL HISTORY

The Fourteenth Court of Appeals affirmed the appellant's conviction in *Aaron Frank Domanguex v. The State of Texas,* No. 14-14-00122-CR, (Tex. App.—Houston [14th Dist.] December 9, 2014). Neither party filed a motion for rehearing.

## GROUND FOR REVIEW

**The Court of Appeals erred by holding the trial court did not err by considering evidence of prior convictions which was admitted by an invalid stipulation.**

## REASONS FOR REVIEW

The Appellant waived a jury trial and pled guilty to aggravated assault, then the trial court assessed the Appellant's punishment after considering a list of the Appellant's purported prior convictions, which were admitted as an invalid stipulation. Because the stipulation was invalid, the trial court erred in considering this stipulation when assessing the Appellant's punishment and the court of appeals erred by holding otherwise.

Appellant waived a jury trial then pled guilty to aggravated assault (CR 79-80; RR 5). The trial court conducted a punishment on January 14, 2014 (RR 5). At the beginning of the hearing, the State informed the trial court: "we have a stipulation to the [Appellant's] priors" (RR 6). The State offered state's exhibit #1, which was a document entitled "Supplemental Notice of Intention to Use Evidence of Prior Convictions and Extraneous Offenses" that the State had filed with the district clerk (RR 6; State's exhibit #1). State's #1 is a list of convictions that the State intended to use at trial and is an intended to comply with the Texas Rules of Evidence 404(b) &

3

609 as well as Texas Code of Criminal Procedure 37.07. *See* TEX. R. EVID. 404 & 609; TEX. CODE CRIM. PROC. art. 37.07.

After the state offered exhibit #1, the Appellant stated he had no objection, and the trial court admitted State's exhibit #1 (RR 7).

The following is evidence adduced during the punishment hearing. In May 2013, Herman Jordan was hanging out in a "trap house" smoking some crack (RR 10). The Appellant, with whom Mr. Jordan was acquainted, was in the "trap house" also (RR 11-12, 22). Referring to the Appellant, Herman Jordan testified "He whopped my ass with that bat." (RR 13). Mr. Jordan testified that the Appellant hit him in the head once with a bat because Mr. Jordan would not give the Appellant money to buy drugs (RR 12-15, 17). As a result, Mr. Jordan suffered a temporary vision loss, and the wound required three staples to close (RR 15-16).

The Appellant acknowledged he plead guilty and admitted he hit Mr. Jordan. But the Appellant claimed he hit Mr. Jordan not with a bat but with a table leg, because Mr. Jordan owed the Appellant money (RR 27). The Appellant lost control of himself (RR 27). The Appellant expressed remorse for hitting Mr. Jordan and said the two were "good associates" (RR 30). The Appellant admitted he had two previous felony convictions for which he served time in the county jail (RR 33).

After both sides presented evidence, the Appellant asked the trial court to place him on community supervision (RR 48-9). The State asked the trial court to sentence the Appellant to ten years in prison (RR 50).

4

The trial court stated that she had an opportunity to review the Appellant's criminal history and assessed his punishment at eight years in prison (RR 51).

The court of appeals erred by holding the Appellant's "criminal history" based upon an invalid stipulation was not erroneously admitted because the appellant "acknowledged" them. It is true a defendant may stipulate to evidence against him, and the stipulation is a kind of judicial admission. *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). But State's exhibit #1 is not a stipulation and is not actually evidence of anything. State's exhibit #1 did not provide any evidentiary support for the State's punishment case, and the trial court should not have relied on it as proof of the Appellant's criminal history.

In this case the purported stipulation did not state that the evidence would prove the contents of the stipulation nor was it approved by the trial court in writing. Thus it violated Article 1.15 of the Texas Code of Criminal Procedure, which, in relevant part, states:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14.... The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary

> evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX. CODE CRIM. PROC. art. 1.15.

In this case, the "stipulation" regarding the Appellant's prior criminal history was deficient because it did not say that the evidence will prove the content of the stipulation and was not approved by the trial court in writing. Furthermore, the "stipulation" created no evidentiary support for the State's punishment case because there was no agreement about the truthfulness of the evidence. State's exhibit #1 is merely notice of the state's intention to use certain evidence at trial. Because state's exhibit #1 is not a valid stipulation, the trial court erred by relying on it as evidence of the Appellant's criminal history when assessing his punishment. The court of appeals erred by holding the trial court did not err in considering appellant's prior record in assessing punishment

## PRAYER

The appellant respectfully urges this Honorable Court to grant the Appellant's Petition for Discretionary Review.

_____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867

6

## CERTIFICATE OF COMPLIANCE & SERVICE

Under TEX. R. APP. P. 9.4, 9.5 & 68.11, this certifies that this document contains 2243 words and the undersigned served a copy of this petition on the State of Texas and the State Prosecuting Attorney at the following addresses:

Devon Anderson
Harris County District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

Lisa C. McMinn
P.O. Box 13046
Capitol Station
Austin, Texas 78711
(512) 463-1660


_____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867
P.O. Box 10752
Houston, TX 77206
281-734-0668

**Affirmed and Memorandum Opinion filed December 9, 2014.**



In The

# Fourteenth Court of Appeals

———————————————

### NO. 14-14-00122-CR

———————————————

### AARON FRANK DOMANGUEX, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1388369**

## M E M O R A N D U M   O P I N I O N

Appellant Aaron Frank Domanguex appeals his conviction for aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02. In a single issue appellant argues the trial court erred in considering evidence of prior convictions, which was admitted by an invalid stipulation. We affirm.

Appellant pleaded guilty to aggravated assault with a deadly weapon without

an agreement as to punishment. Following his guilty plea the trial court held a hearing at which the complainant and appellant testified. At the beginning of the hearing, the following discussion took place:

> MR. GARZA [defense counsel]: Your Honor, we do have some stipulations we'd like to introduce first, as far as records, any *Brady* material and any convictions and extraneous for the Defendant, also, Your Honor.
>
> MR. O'DONNELL [prosecutor]: That's correct.
>
> THE COURT: You have a stipulation?
>
> MR. O'DONNELL: Yes, we have a stipulation to the Defendant's priors. This is a list of the Defendant's prior criminal history as well as relevant impeachable criminal history of the State's witness.
>
> THE COURT: Okay. I guess, for purposes of this hearing, I'm going to mark the — and really you just, it's just a Supplemental Notice of Intention to Use Evidence of Prior Convictions and Extraneous Offenses that were filed with the Court. So, for purposes of this hearing, I will mark it as State's Exhibit No. 1.
>
> MR. O'DONNELL: That's fine, Your Honor.
>
> THE COURT: Is there any objection then to State's Exhibit No. 1?
>
> MR. GARZA: There is not, Your Honor.

In his sole issue on appeal appellant argues the trial court erred in considering State's Exhibit No. 1 because it was an improper stipulation pursuant to article 1.15 of the Texas Code of Criminal Procedure. Appellant argues that because State's Exhibit No. 1 was called a "stipulation" that article 1.15 applies to the trial court's consideration of the evidence.

> Article 1.15, entitled "Jury in felony," provides:
>
> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the

2

record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. art. 1.15.

This provision has been interpreted to require the proffer of evidence, independent of a simple guilty plea, sufficient to establish culpability. *Stringer v. State*, 241 S.W.3d 52, 58 (Tex. Crim. App. 2007). However, it has been held to apply "where a felony-defendant   the right to trial by jury at the guilt stage" of the prosecution. *Id*. Appellant was not at the guilt stage of the prosecution when the State introduced evidence of his prior convictions. Appellant had pleaded guilty prior to the punishment hearing.

Appellant further argues that the trial court erred in considering his "criminal history" because State's Exhibit No. 1 is not a valid stipulation. The stipulation, entitled "Supplemental Notice of Intention to Use Evidence of Prior Convictions," contains a list of appellant's known prior convictions, including two felony convictions, 13 misdemeanor convictions, and one felony charge that was reduced to a Class A misdemeanor. Three of the misdemeanor convictions were for assault. Appellant testified to the two prior felony convictions contained in the stipulation and admitted that he had "some assaults on [his] record." On redirect examination appellant acknowledged the prior misdemeanor and felony convictions.

"Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant[.]" Tex. Crim. Proc. Code Ann. art. 37.07 § 3(a)(1). Whether evidence of appellant's prior criminal record was admitted through the "stipulation" or appellant's testimony, the trial court did not err in considering appellant's prior record in assessing punishment. We overrule appellant's sole issue. *See id.*

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).

1