

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00417-CR

**FERNANDO HERNANDEZ, JR. A.K.A. FERNANDO JUNIOR HERNANDEZ,
APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 5056, Honorable Ron Enns, Presiding

November 21, 2016

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In an open plea to the court, appellant Fernando Hernandez, Jr., a.k.a. Fernando Junior Hernandez, pled guilty to intoxication manslaughter[1] and failing to render aid after an accident involving death.[2] The court signed separate judgments of conviction

---

[1] TEX. PENAL CODE ANN. § 49.08 (West 2013). Appellant's punishment was enhanced to that of a first degree felony for each offense because of his prior felony conviction.

[2] TEX. TRANSP. CODE ANN. § 550.021 (West 2013).

for the two offenses, and appellant gave notice of appeal. Appellant's attorney filed a motion to withdraw, along with a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). After review of the *Anders* brief and the record, we abated the appeal and remanded the case to the trial court for appointment of new appellate counsel.[3] Newly-appointed counsel has filed a brief raising three issues. We will reverse one judgment and affirm the other.

## Background

Appellant entered his open plea of guilty to both the charged offenses, and his plea of true to the enhancement paragraph at an initial plea hearing. The court recessed the hearing for preparation of a pre-sentencing report, and later convened a hearing at which it heard evidence.

Appellant testified on his own behalf at the hearing. He testified that he left a Super Bowl Sunday family get-together with his younger cousin Alex Fuentes. The two were in a Suburban, and Alex was driving. When they stopped for gas, appellant took the wheel even though he had consumed alcohol earlier in the day. The two went to his uncle's house where they picked up Alex's brother Lucio Fuentes, Jr. As they drove, appellant said, he tried to stop at an intersection but could not stop. He said the brakes did not work properly. The vehicle hit a ditch and "it rolled. It rolled over." Appellant told the court he was ejected from the vehicle and woke up in a field. Alex came over to him "screaming." When appellant went to the vehicle, he found Lucio was not moving.

---

[3] *Hernandez v. State,* No. 07-14-00417-CR, 2015 Tex. App. LEXIS 8054 (Tex. App.—Amarillo July 30, 2015, no pet.) (mem. op., not designated for publication).

2

The two called family members and they arrived, along with State troopers. Appellant initially told the court he "never left the scene," but then said he later left with his mother because he was scared. After appellant went to the emergency room for medical care, he was informed Lucio had died, and was arrested.

At the outset of the sentencing hearing, the State informed the court a pretrial agreement with the defense had been reached regarding the admission of State's exhibits 1 through 15. That evidence consisted of ten photographs and five documents: the investigating trooper's offense report, the Texas Department of Transportation crash report, a Moore County Hospital blood analysis report on appellant, the autopsy report on Lucio, the Texas Ranger's report on his role in the investigation, and the indictment in the case. The photographs depict the wrecked Suburban, its path through the intersection and into the field, Lucio's body lying on the ground, a coagulating pool of blood on the soil, a Bud Light box inside the Suburban and crushed Bud Light bottles among debris on the ground. No witness was called to support the admission of the exhibits. When the exhibits were offered, appellant's counsel voiced, "no objection."

Evidence of extraneous offenses also was produced by the State during the hearing, without objection. Among that evidence was the testimony of a witness who said that appellant, then about twenty-four years old, engaged in a sexual relationship with her when she was sixteen, and is the father of her six-year-old child. The witness went on to testify, again without objection, that appellant had never paid any child support for her child, although apparently ordered to do so. There also was testimony regarding an un-prosecuted incident with appellant's wife wherein appellant was

3

accused of running over her foot with a car. And the State presented a photograph of an injury to appellant's wife's ear apparently caused by appellant.

The court also reviewed a presentencing report. In its sentencing argument, the State requested sentences of forty years on each count. The court announced its finding of appellant's guilt of the intoxication manslaughter charge, and its finding of the truth of the indictment's enhancement paragraph. It announced its determination that "the appropriate punishment in this case should be a term of 45 years in the institutional division." After making the required inquiry as to reasons sentence should not be pronounced, the court proceeded to pronounce sentence. No mention was made of the failure to aid charge; no finding of guilt was made on that charge, and no sentence was pronounced.

The court's written judgments were signed the same day. The judgment for the failing to aid offense, like that for the manslaughter offense, recited that the court had found appellant guilty of the offense and assessed punishment.

Appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

Analysis

*Invalid Judgment*

Appellant's three issues on appeal address the admission of evidence at the hearing. Before reaching those issues, we must consider the effect of the trial court's

4

omission of a finding of appellant's guilt and a pronounced sentence on the failure to aid offense, an issue not addressed by the parties.

In short, the trial court's omissions invalidate its written judgment on that offense. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (failure to pronounce sentence invalidated written judgment). As we recently did in a similar case, we will reverse the trial court's judgment on that offense.[4] *See Kerr v. State,* Nos. 07-13-00128-CR, 07-13-00380-CR, 2014 Tex. App. LEXIS 12850, *9-10 (Tex. App.— Amarillo November 25, 2014, no pet.) (mem. op., not designated for publication).

*Appellant's Issues*

In each of appellant's three issues, he contends the trial court fundamentally erred by permitting the admission of evidence at the hearing, and the admission of such evidence led to an erroneous punishment.

By his first issue, appellant contends the court erred by admitting the State's exhibits 1 through 15, offered by the State pursuant to its agreement with the defense. Although appellant raised no objection to the exhibits, he argues on appeal their admission violated his Sixth Amendment right to confront the witnesses against him.

The Confrontation Clause bars the admission of out-of-court testimonial statements of a witness unless (1) the witness is unavailable to testify and (2) the

---

[4] The court of appeals in *Thompson* dismissed the appeal of the conviction not supported by a pronounced sentence, and the Court of Criminal Appeals found that action proper. 108 S.W.3d at 290. It also noted, however, that it was not addressing the question whether there was only one proper remedy. *Id.* at 290-91. Rather than leave standing an invalid judgment by dismissing appellant's appeal, we will reverse the judgment and remand that cause to the trial court.

defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington,* 541 U.S. 36, 53-54, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). The Confrontation Clause applies during the punishment phase of a criminal trial. *Dixon v. State,* 244 S.W.3d 472, 482-83 (Tex. App.—Houston [14th Dist.] 2007, pet ref'd). Violations of that clause are subject to a harm analysis. *See* TEX. R. APP. P. 44.2; *Ellison v. State,* 494 S.W.3d 316, 328 (Tex. App.—Eastland 2015, no pet.) (citations omitted). And, Confrontation Clause claims are subject to the preservation requirement of a timely and specific objection to the complained-of evidence. *Davis v. State,* 313 S.W.3d 317, 347 (Tex. Crim. App. 2010); *Reyna v. State,* 168 S.W.3d 173, 179-80 (Tex. Crim. App. 2005); *Loville v. State*, No. 14-12-00297-CR, 2013 Tex. App. LEXIS 5453 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (mem. op., not designated for publication).

Appellant argues, however, that the record does not reflect his knowing waiver of his confrontation rights. He asserts that absent his "express approval" of the pretrial agreement between counsel for the defense and the State, admission of evidence in violation of his Sixth Amendment rights was the type of fundamental error contemplated by Rule of Evidence 103(e). That rule states, "In criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." TEX. R. EVID. 103(e).[5]

In its brief, the State asserts that admission of the exhibits was not error at all, because appellant waived his right to be confronted with witnesses against him in the

---

[5] At the time of trial, the fundamental error rule appeared as Texas Rule of Evidence 103(d). The rule was amended in 2015 and now appears as Rule 103(e).

written "plea of guilty, waiver, stipulation and judicial confession" he signed at the time of his guilty plea. In a reply brief, appellant cites *Stringer v. State,* 241 S.W.3d 52 (Tex. Crim. App. 2007), in which the court determined that the written waiver of confrontation rights contained in the plea papers signed in that case applied only to the guilt stage of trial, and the defendant had not waived those rights at sentencing. *Id.* at 59. Appellant contends the State's exhibits were not, as the State asserts, evidence of guilt substantiating his guilty plea offered under Code of Criminal Procedure article 1.15,[6] but punishment evidence. We need not resolve that issue. Unlike appellant here, the defendant in *Stringer* objected at trial to the admission of the evidence he said violated his Sixth Amendment rights. *Id.* at 54. We will focus instead on appellant's contention admission of the State's fifteen exhibits constituted fundamental error.

Rule 103's exception for fundamental error to the general rule requiring preservation of error in the admission of evidence is rarely applied. *In re A.D.*, 287 S.W.3d 356, 362 (Tex. App.—Texarkana 2009, pet. denied); *Smith v. State,* 961 S.W.2d 501, 505-06 (Tex. App.—San Antonio 1997, no pet.). Error in the improper admission of evidence will be found fundamental only if its admission "operates to render the defendant's trial fundamentally unfair." *Smith,* 961 S.W.2d at 506 (citing *Briggs v. State,* 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Under the analysis set out in *Marin v. State*, our law has categorized a defendant's right to exclude evidence offered in violation of the Confrontation Clause as explicated in *Crawford* as a forfeitable right. *Anderson v. State*, 301 S.W.3d 276, 280

---

[6] TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2015).

(Tex. Crim. App. 2009); *see Marin v. State,* 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). The other two categories, "nonwaivable, nonforfeitable systemic requirements," and rights "that must be implemented by the system unless expressly waived," 851 S.W.2d at 279, comprise the rights "widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *Id.* at 278 (citing TEX. R. CRIM. EVID. 103(d)).[7] Because of their nature, those categories of rights, systemic requirements and waivable-only rights, are not subject to the error-preservation requirements of Appellate Rule 33.1. TEX. R. APP. P. 33.1; *Mendez v. State,* 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

Under *Marin*'s system of rights-categorization and the limitation of error-preservation rules to the third category, forfeitable rights, it will be rare indeed, if ever, that the admission of unobjected-to evidence in violation of the defendant's confrontation rights will constitute a "fundamental error affecting a substantial right," in Rule 103(e)'s language. *See Mendez,* 138 S.W.3d at 342; *Stewart v. State*, 350 S.W.3d 750, 753 (Tex. App.—Amarillo 2011, pet. ref'd); *Miller v. State*, 939 S.W.2d 681, 689 (Tex. App.—El Paso 1996, no pet.); *see also Trinidad v. State,* 312 S.W.3d 23, 29 (Tex. Crim. App. 2010) (finding claim of violation of Code of Criminal Procedure article 36.22 not preserved for appeal); Schlueter and Schlueter, TEXAS RULES OF EVIDENCE MANUAL, § 103.02[8] (10th ed. 2015); Jeff Brown and Reece Rondon, *Texas Rules of Evidence Handbook, Article I: General Provisions,* Rule 103, 70 (2015) (both addressing

---

[7] Former Texas Rule of Criminal Evidence 103(d) was the fundamental error rule. *See* 701 S.W.2d XXIX, XXXIII (1986) (order of Texas Court of Criminal Appeals adopting Rules of Criminal Evidence).

effect of *Marin* categorization of rights on application of fundamental error concept under Rule 103).

And, if such a fundamental error can exist, the admission of the State's fifteen exhibits in this case was not such an error. The record makes clear that appellant's counsel did agree to the exhibits' admission,[8] in exchange for admission of appellant's own sentencing evidence. And the exhibits depicted the events surrounding the Suburban wreck and appellant's related actions.

Because appellant's first issue was not preserved and thus presents nothing for our review, we overrule the issue.

In his second issue, appellant argues the trial court fundamentally erred by allowing the two State's witnesses to testify to extraneous offenses by appellant and by admitting the photograph of the apparent injury to his wife's ear. No objection was raised at trial to any of this evidence.

Code of Criminal Procedure article 37.07, section 3(a)(1), permits introduction at sentencing of evidence of extraneous crimes or bad acts, notwithstanding rules of evidence 404 and 405. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West 2013); TEX. R. EVID. 404, 405. Such evidence is not always admissible and is subject to restrictions such as that provided by rule of evidence 403. TEX. R. EVID. 403; *see, e.g.,*

---

[8] Appellant's counsel offered, as sentencing evidence, several letters from appellant's children, other family members, and friends. As counsel did so, she told the court, "At this time, we would like to offer letters, in accordance with our agreement with the state, that in exchange for offering police reports and the original exhibits that we can offer the letters as exhibits for witnesses who cannot be here." After the State's "no objection," the court admitted the letters.

9

*Ex parte Rogers*, 369 S.W.3d 858, 863 (Tex. Crim. App. 2012) (habeas corpus). Admission of evidence is not fundamental error, however, merely because it shows extraneous offenses or bad acts. *See Sanchez v. State*, No. 08-11-00074-CR, 2013 Tex. App. LEXIS 2395, *4 (Tex. App.—El Paso Mar. 6, 2013, no pet.) (mem. op., not designated for publication) (because unpreserved complaint concerning the admission of extraneous offenses and bad acts does not raise fundamental error, court need not address it on appeal); *Smith,* 961 S.W.2d at 506 (*citing Smith v. State,* 595 S.W.2d 120, 123 (Tex. Crim. App. 1980)); *Heiman v. State,* 923 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). Accordingly, and for the additional reasons discussed in our analysis of appellant's first issue, his second issue presents nothing for our review and is overruled.

Appellant's third issue addresses the harm he suffered from the trial court's fundamental errors. He asserts the errors led to an erroneous punishment. Because we do not agree appellant has shown fundamental error through his first two issues, his third issue also presents nothing for our review. The record does show the trial court assessed a punishment against appellant of forty-five years imprisonment, exceeding the State's recommendation by five years. But, appellant was charged with second degree felonies, enhanced by his prior conviction to first degree felonies, thereby subjecting appellant to a range of punishment of imprisonment for life or for any term of not more than 99 years or less than 5 years. TEX. PENAL CODE ANN. § 12.32 (West 2015). The sentence given to appellant was well within the applicable range and the trial court was within its discretion to assess it. *See Jackson v. State,* 680 S.W.2d 809,

814 (Tex. Crim. App. 1984) (when the sentence imposed is within the statutory guidelines, the trial court has a great deal of discretion in sentencing).

We resolve appellant's final issue against him.

## Conclusion

Both the trial court's judgments bear its cause number 5056. The intoxicated manslaughter judgment is headed No. 5056-Count I; the failure to render aid judgment, No. 5056-Count II. We reverse the trial court's judgment No. 5056-Count II and remand that count to the trial court. Having resolved each of appellant's issues against him, we affirm the trial court's judgment No. 5056-Count I.

James T. Campbell
Justice

Publish.

11