

# NUMBER 13-22-00213-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ROBERTO GALVAN,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

---

### On appeal from the 445th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Silva

Appellant Roberto Galvan appeals his conviction for continuous sexual abuse of a child under the age of fourteen, a first-degree felony, for which he received a sentence of fifty years' confinement. *See* TEX. PENAL CODE ANN. § 21.02(b), (h). By five issues, appellant argues that the trial court erred by (1) allowing inadmissible hearsay testimony;

(2) improperly commenting on the weight of the evidence; (3) providing an improper instruction in the jury charge; (4) permitting improper closing argument by the State; and (5) permitting witnesses to testify via teleconferencing in violation of the Confrontation Clause. We affirm.

## I.     BACKGROUND

Appellant was indicted for continuous sexual abuse of siblings A.G., D.G., and K.G., all children under the age of fourteen.[1] *See id.* § 21.02(b) (permitting conviction by proof of sexual abuse "committed against one or more victims"). The matter proceeded to a jury trial, wherein the State presented eight witnesses, including the children, the children's mother, and a sexual assault nurse examiner (SANE). Appellant called one witness and testified personally. The trial court issued its charge to the jury, which included one count of continuous sexual abuse of young children, *see id.*, and three counts of the lesser-included offense of indecency with a child. *See id.* § 21.11(a). The jury found appellant guilty of continuous sexual abuse of young children, but appellant elected for the trial court to assess punishment. The trial court sentenced appellant to fifty years' confinement. This appeal followed.

## II.     HEARSAY

By his first issue, appellant complains that the trial court erroneously permitted inadmissible hearsay from a witness. Specifically, appellant contends that the trial court committed error when it permitted the children's mother to testify as an outcry witness to the children's statements when the State had already designated the SANE as the outcry

---

[1] We use initials to protect the identities of the minor complainants. *See* TEX. R. APP. P. 9.8, cmt.

witness. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (permitting a witness to testify to the outcries of a child complainant under certain conditions). However, appellant concedes that he did not object to mother's testimony during trial. Nonetheless, appellant argues that "[t]he fact that defense counsel did not object was by far ineffective trial strategy, however, the trial court is the ultimate gatekeeper of evidence and should have never allowed inadmissible hearsay testimony to be presented to a jury whether there was an objection or not."[2]

"Under Texas law, if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection." *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (cleaned up); *see* TEX. R. APP. P. 33.1(a). At trial, the State requested a hearing outside the presence of the jury regarding mother's testimony as an outcry witness. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. After presenting evidence regarding the outcries to mother, the trial court asked appellant if he had "[a]ny objection to the statements being made to mom?" Appellant's counsel responded that there was "[n]o objection to the statements being made to mom," and the testimony was subsequently presented to the jury without objection.

Appellant offers no support for his conclusory assertion that his hearsay complaint is exempt from preservation requirements, and we decline to create such a rule. Rather, appellant was required to timely object to the offered testimony with sufficient specificity

---

[2] Aside from this statement, appellant does not otherwise present an argument of ineffective assistance of counsel for this Court's review.

3

to allow the trial court to make a decision. *See Martinez*, 98 S.W.3d at 193. Because appellant failed to object, nothing is preserved for our appellate review. *See id.* Appellant's first issue is overruled.

### III. JURY INSTRUCTION

By his second and third issues, which we consider together, appellant contends that the trial court's charge to the jury contained an improper comment on the weight of the evidence (issue two), which constituted jury charge error (issue three). Namely, appellant challenges the trial court's instruction on lesser-included offenses:

> In regard to the lesser included offenses, the State has presented evidence of more than one incident to prove that the Defendant committed each of these lesser included offenses. You must not find the Defendant guilty of each of these lesser included offenses unless you all agree on which incident or incidents occurred beyond a reasonable doubt. You need not all agree on every incident, as long as there is one incident, as to each of these lesser included offenses, on which all of the jurors are unanimous.

According to appellant, the first sentence of the paragraph "instructed the jury that the [S]tate had proved Appellant's guilt for the offense that he was convicted."

### A. Applicable Law and Standard of Review

The trial court shall not "at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." TEX. CODE CRIM. PROC. ANN. art. 38.05. Moreover, in providing its charge to the jury, the trial court shall not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any argument calculated to arouse the sympathy or excite the passions of the jury. *Id.* art. 36.14. "The trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the

4

defense's approach to the case." *Proenza v. State*, 555 S.W.3d 389, 397 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (quoting *Simon v. State*, 203 S.W.3d 581, 590 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

When providing its jury charge, "a trial court's general jury charge may not single out a particular piece of evidence for special attention." *Lucio v. State*, 353 S.W.3d 873, 876 (Tex. Crim. App. 2011) (citing *Bartlett v. State*, 270 S.W.3d 147, 152 (Tex. Crim. App. 2008)). "A jury charge must be viewed as a whole in order to determine the existence of error." *Salahud-din v. State*, 206 S.W.3d 203, 210 (Tex. App.—Corpus Christi–Edinburg 2006, pet. Ref'd). "Review should not be limited to parts of the charge standing alone." *Id.*

Article 38.05's prohibition on the trial court commenting on the weight of the evidence creates a category two *Marin* right, meaning the right is not forfeitable by inaction. *Proenza*, 555 S.W.3d at 402–03; *see Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (detailing three distinct categories of rights provided in a criminal prosecution: "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request"). Similarly, jury charge errors are not waived by a failure to object, although they are subject to a more rigorous review, requiring egregious harm before we may reverse a conviction. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). Regardless of which degree of error is necessary, we first determine whether the charge is erroneous. *See id.*

5

**B.     Analysis**

We disagree with appellant's characterization of the instruction as a comment on the weight of the evidence because when viewing the jury charge as a whole, the trial court did not instruct the jury that the State has proved the lesser-included offenses as appellant suggests. Rather, the trial court instructed the jury that the State "presented evidence" of more than one offense and that the jury must find him guilty of the lesser-included offenses only if all the members of the jury "agree on which incident or incidents occurred beyond a reasonable doubt." Thus, we construe the complained-of statement as instructing the jury that the State's evidence was presented for the purpose of proving the offenses. The trial court's language appears to be an attempt to avoid singling out any particular piece of evidence or allegation while instructing the jury on unanimity of the lesser-included offenses should the jury not convict appellant of the primary offense. *See Lucio*, 353 S.W.3d at 876; *Bartlett*, 270 S.W.3d at 150, 152.

Moreover, other provisions of the charge specifically instruct the jury that it should determine the facts and not consider the opinion of the trial court. The charge included the following instructions:

> You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby.
>
> . . . .
>
> From time to time throughout the trial the Court has been called upon to pass on the question of whether or not certain offered evidence might properly be admitted. You are not to be concerned with the reasons for such rulings and are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law. In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence; nor does it pass on the credibility of the

witness. As to any offer of evidence that has been rejected by the court, you, of course, must not consider the same; as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection.

You are instructed that you are not to allow yourselves to be influenced on any degree whatsoever by what you may think or surmise the opinion of the Court to be. The Court has no right by any word or any act to indicate any opinion respecting any matter of fact involved in this case, nor the guilt or innocence of the Defendant. The Court has not intended to express any such opinion, and if you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case or of the guilt or innocence of the defendant, you must wholly disregard it.

Finally, we note that similar language is found in the Texas Pattern Jury Charge. *See* Comm. On Pattern Jury Charges, State Bar of Tex., *Texas Criminal Pattern Jury Charges: Crimes Against Persons & Property* CPJC 84.3 at 107–08 (2020) (Instruction—Indecency with Child by Contact—Touching by Defendant) ("The state has presented evidence of more than one incident to prove indecency with a child as alleged [in the indictment/in count [*number*]]."); *see also* 8 TEX. PRAC., Criminal Forms and Trial Manual § 99.2 (11th ed.). Accordingly, we conclude the instruction did not constitute an improper comment on the weight of the evidence, and the instruction was not an improper jury instruction. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *Proenza*, 555 S.W.3d at 397; *Salahud-din*, 206 S.W.3d at 210. Appellant's second and third issues are overruled.

## IV.    IMPROPER JURY ARGUMENT

By his fourth issue, appellant argues the trial court erred by permitting the State to make an improper jury argument when the State's attorney "express[ed] her personal opinion of the veracity of the complaining witnesses." However, we agree with the State that appellant never objected to the State's closing argument. *See* TEX. R. APP. P. 33.1(a). Improper jury arguments are subject to ordinary preservation rules and failure to lodge a

contemporaneous objection will forfeit any complaint. *Compton v. State*, 666 S.W.3d 685, 727–28 (Tex. Crim. App. 2023). Here, appellant failed to object to the alleged improper comments, thus failing to preserve the complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Compton*, 666 S.W.3d at 727–28. Appellant's fourth issue is overruled.

## V. CONFRONTATION CLAUSE VIOLATION

By his fifth and final issue, appellant argues that the trial court committed error by allowing witnesses to testify via teleconferencing during the punishment phase in contravention of his Sixth Amendment right to confront witnesses. *See* U.S. CONST. amend. VI. ("In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him . . . .").

Prior to trial beginning on the second day of the guilt-innocence phase, the following exchange occurred:

| [State]: | Yes, Your Honor, one thing. I spoke to Defense Counsel. So I think we will be able to wrap up tomorrow morning. However, if he is found guilty[,] I know that you are sentencing. I don't know if we would be able to do that on Thursday. Because we do have some [witnesses] from Oklahoma that we would like to fly in. |
| --- | --- |
| THE COURT: | Can you have them here by Zoom? |
| [State]: | Oh, I think we can do that. |
| THE COURT: | It's sentencing to me. Why fly them in? |
| [State]: | That works. That works. We can definitely do that. |

During the punishment phase, the State presented six witnesses, and appellant presented one; all witnesses appeared via Zoom. Appellant did not object to the State's witnesses appearing through remote teleconference.

8

"Confrontation and compulsory process rights are subject to procedural default." *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *see Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding that appellant failed to preserve a confrontation clause complaint where he failed to articulate a trial objection on the same grounds); *Hernandez v. State*, 508 S.W.3d 752, 757 (Tex. App.—Amarillo 2016, no pet.) (overruling appellant's confrontation clause complaint where appellant failed to object to the admission of evidence during trial and therefore did not preserve his complaint); *see also Jones v. State*, No. 05-21-00019-CR, 2022 WL 854915, at *4–5 (Tex. App.—Dallas Mar. 23, 2022, no pet.) (mem. op., not designated for publication) ("Because appellant did not object to the remote testimony of any of the State's witnesses, this issue is not preserved for our review."); *Oliver v. State*, No. 03-19-00725-CR, 2020 WL 5105209, at *1–2 (Tex. App.—Austin Aug. 27, 2020, pet. ref'd) (mem. op., not designated for publication) (concluding appellant's confrontation complaint about witnesses testifying via teleconference was not preserved for appellate review when appellant did not raise complaint in trial court).

Implicitly acknowledging that he failed to preserve his claim for appellate review, appellant instead cites to Texas Rule of Evidence 103(e), which states that "[i]n criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." TEX. R. EVID. 103(e). However, appellant provides no support for his suggestion that the error, if any, is not subject to ordinary preservation rules, and we find none. Rather, except in limited circumstances not present here, Texas courts have consistently held that Confrontation Clause complaints are a

category three *Marin* right, which are subject to waiver. *See Anderson*, 301 S.W.3d at 280; *Reyna*, 168 S.W.3d at 179; *Hernandez*, 508 S.W.3d at 757; *see also Jones* 2022 WL 854915, at *4–5; *Oliver*, 2020 WL 5105209, at *1–2. Accordingly, we conclude appellant failed to preserve his complaint, leaving nothing for our review. *See* TEX. R. APP. P. 33.1(a). Appellant's fifth issue is overruled.

## VI. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
26th day of October, 2023.

10